975 F.2d 868
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CELETTE S.A. Plaintiff-Appellant,
v.
BLACKHAWK AUTOMOTIVE, INC. Defendant-Appellee.
 No. 91-1403.
 United States Court of Appeals, Federal Circuit.
 July 6, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Eastern District of Wisconsin. In granting Blackhawk Automotive, Inc.'s motion for summary judgment, the court invalidated claims 4, 5, and 7 of U.S. Patent 4,781,045 (the '045 patent) for violation of the best mode requirement and claims 4 and 7 as being anticipated. Celette S.A. v. Blackhawk Automotive, Inc., No. 89-C-117, (E.D.Wis. March 8, 1991). The court also granted Blackhawk's motion for a finding of an exceptional case, finding that the patent holder intentionally concealed the best mode and thereby lacked a necessary good-faith belief in the patent's validity at the time it filed suit. Celette S.A. v. Blackhawk Automotive, Inc., No. 89-C-117, (E.D.Wis. June 5, 1991). We affirm-in-part and vacate-in-part.
 
 DISCUSSION
 
 2
 Celette S.A. is a French corporation that manufactures automobile collision repair equipment. It filed a U.S. patent application for certain collision repair equipment and was granted the '045 patent on November 1, 1988. The '045 patent describes a two-piece fixture comprising a common universal base for use on any automobile and dedicated repair heads for use on a particular type of automobile.
 
 
 3
 Shortly after the '045 patent issued, Celette filed suit alleging that Blackhawk was infringing claims 4, 5, and 7. Blackhawk counterclaimed, asserting that the '045 patent was invalid, and filed a motion for summary judgment of invalidity. The district court granted Blackhawk's motion. In a subsequent proceeding, the district court granted Blackhawk's motion for a finding that this was an exceptional case and awarded Blackhawk attorney fees. Celette appeals both decisions.
 
 
 4
 A motion for summary judgment is properly granted when the movant has demonstrated that genuine issues of material fact do not exist and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review these questions de novo. Avia Group Int'l Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1561, 7 USPQ2d 1548, 1551 (Fed.Cir.1988).
 
 
 5
 The first issue before us is whether the court erred in concluding that the layout of the common base, in particular, the positioning of the column member on its mounting plate, constituted the best mode of practicing Celette's claimed invention. The district court determined that Celette's failure to disclose the "complicated mathematical formula" used to calculate the offset violated the best mode requirement. Celette argues that the patent does not claim an offset column member, that an offset column member is part of the prior art, that it is not needed to practice the claimed invention, and that the district court confused detailed manufacturing data for his commercial embodiment with required disclosure of the best mode for carrying out the claimed invention. We affirm the court's decision concerning the best mode.
 
 
 6
 Although Celette argues, correctly, that it is not required to include manufacturing details in its patent specification, in this case the offset positioning of the column was not manufacturing data. It was part of the invention, known to the inventor to be the best mode. The inventor intentionally withheld the mathematical formula, with full knowledge that it was "one of the obligations to have the system function." On the record before us, we discern no error in the district court's ruling.
 
 
 7
 In view of our affirmance on the best mode issue, we need not address the district court's findings relating to anticipation.
 
 
 8
 Finally, we vacate the district court's finding of an exceptional case. The court made such a holding based on its conclusions that Celette intended to deceive the public, that the withheld information was material to the examination of the patent application, and that Celette lacked a good faith belief in the patent's validity at the time he filed suit. While Celette intended to withhold certain information, there is no evidence that he intended to deceive the public. Moreover, the withheld information was not material to the examination of the application. The information did not relate to patentability over the prior art or misrepresent the advantages of the invention over the prior art. It related to the practice of the invention by the public, not examination by the Patent and Trademark Office. Finally, there is no indication that, because Celette withheld information from his application which he thought he need not disclose, that he lacked a good faith belief in the validity of his patent. We therefore vacate the holding of an exceptional case and the award of attorney fees.
 
 
 9
 In summary, no genuine issue of material fact was presented with respect to the district court's holding that claims 4, 5, and 7 are invalid because Celette violated the best mode requirement; Blackhawk was properly entitled to summary judgment as a matter of law. We therefore affirm that part of the judgment relating to validity. That part of the court's judgment concluding that Blackhawk was entitled to recovery of its attorney fees because this was an exceptional case is vacated.
 
 COSTS
 
 10
 No costs.